[No. 10,077.]

## PEOPLE v. NOREGEA.

POSSESSION OF STOLEN PROPERTY.—In order that the possession of stolen property may be made available toward a conviction, other circumstances indicative of guilt must be shown.

ERROR AGAINST APPELLANT.—Error, in excluding evidence against a defendant offered by the people, cannot be taken advantage of by counsel for the people, upon an appeal by the defendant.

APPEAL from the County Court of Solano County.

The defendant appealed. The other facts are stated in the opinion.

*J. M. Coghlan* and *G. A. Lamont,* for Appellant.

*Attorney-General Love,* for Respondents.

By the Court, RHODES, J.:

The defendant was convicted of grand larceny, for the stealing of a horse. The only evidence of defendant's guilt was that the stolen horse was found in his possession a few hours after it was taken. *People* v. *Chambers,* 18 Cal. 382; and *People* v. *Ah Ki,* 20 Cal. 178, hold that the possession of stolen property is a circumstance to be considered by the jury, but it is not, of itself, sufficient to warrant a conviction. It is said by Greenleaf (3 Greenl. Ev. Sec. 31:) "It will be necessary for the prosecutor to add the proof of other circumstances indicative of guilt, in order to render the naked possession of the thing available towards a conviction." The evidence discloses no circumstances of that character. The riding of the horse several miles beyond the point where he was first seen in possession of it, is only his continued possession of it, and is not a further circumstance indicative of guilt. The leaving of the saddle with the innkeeper does not tend to prove a larceny of the horse.

There may be an abundance of authority to sustain the point of the Atorney-General, that the Court erred in ex-

cluding evidence as to the defendant's confession, after the preliminary evidence as to its having been voluntary; but the point does not arise on the defendant's appeal.

Judgment reversed and cause remanded for a new trial. Remittitur forthwith.

Neither Mr. Chief Justice WALLACE nor Mr. Justice MC-KINSTRY expressed an opinion.