[No. 10,074.]

## THE PEOPLE v. JOHN BROWN.

TRANSCRIPT IN CRIMINAL CASE.---A statement of the evidence in a criminal case, which is not a part of the bill of exceptions certified by the judge, will not be taken into consideration by the Appellate Court.

CHALLENGE TO THE PANEL.---An amended challenge to the panel of jurors, is a substitute for the original.

EVIDENCE ON CHALLENGE TO PANEL OF JURORS.---On a challenge to the panel of jurors in a criminal case, the defendant cannot offer his *ex parte* affidavit in evidence in support of the challenge. On such challenge there must be an oral examination of the witnesses in open Court, where they may be cross-examined.

IDEM.---A defendant cannot, by incorporating his *ex parte* affidavit into his statement of the grounds of challenge to the panel of jurors, make it evidence of the facts averred in the statement.

QUALIFICATION OF JUROR.---A person is not disqualified as a juror in a cause, because he has formed an opinion from what he has heard concerning the guilt or innocence of the accused which it would require evidence to remove, if the opinion is not an unqualified one, and the juror is willing to give the accused a fair trial.

IDEM.—A person is not disqualified from being a juror in a criminal case because he is unable, when questioned, to define the word "qualified."

POSSESSION OF STOLEN PROPERTY.—There is no error in charging the jury that the mere possession of stolen property will not justify a verdict of guilty, but there must be proof of other facts tending to establish the guilt of the accused; *provided,* all the facts in evidence prove defendant's guilt, beyond a reasonable doubt.

APPEAL from the County Court, Nevada County.

The defendant was indicted for stealing a mare at the County of Nevada, on the 20th day of November, 1872.

The trial was had at the August term, 1873. A venire was issued to the Sheriff to summon a panel of twenty-four jurors. When the case was called for trial, the defendant challenged the panel, and based his challenge on an affidavit filed. The affidavit alleged that the accused could not have a fair trial, because the jurors were prejudiced against him; that the Sheriff and Under Sheriff had frequently stated that he was guilty, and were prejudiced against him, and had summoned jurors who were prejudiced against him. Attached to the affidavit was a paper containing a challenge to the panel, and assigning causes similar to those stated in the affidavit. The Sheriff and Under Sheriff were then sworn, and the challenge was overruled by the Court.

J. W. Lockwood was called as a juror, and, on examination as to his qualifications, after being challenged by the defendant for bias, said, he had an opinion from what he had heard concerning the facts of the case. That it would take evidence to establish it, whether true or false. That he understood the meaning of the word "qualified" to be, when a thing is proved to be a fact, then it is qualified, and then is so, to a certainty. That he had an opinion which was an unqualified opinion, as to the guilt or innocence of the accused.

On cross-examination by the District Attorney, the juror said he had never formed an unconditional opinion as to the guilt or innocence of the accused, but could give him an impartial trial. The District Attorney denied the challenge, and the Court overruled it.

W. A. Sigourney was also called as a juror, and, on examination as to his qualifications, said he had formed an opinion which it would require evidence to remove. That this opinion was formed from what he had heard people say about the case. He did not consider this an unqualified opinion.

On examination by the District Attorney, the juror said the opinion he had formed was based entirely upon hearsay. That it was not an unqualified opinion. That he could try the case fairly and impartially, regardless of the opinion formed.

The defendant's counsel challenged the juror for bias. The District Attorney denied the challenge, and the Court overruled it. The defendant was adjudged guilty, and appealed.

The other facts are stated in the opinion.

*J. I. Caldwell*, for the Appellant, argued that, as the defendant's affidavit stated that the Under Sheriff who summoned the jury had expressed his opinion of the guilt of the defendant, the challenge to the panel was well taken, and the challenge to the jurors Sigourney and Lockwood was well taken, and that the charge of the Court was erroneous as to the possession of stolen property.

*John L. Love*, Attorney-General, for the People, argued that the affidavit of the defendant was not admissible to prove anything on the challenge to the panel, and cited Penal Code (Sec. 1,082), and that the challenges to the jurors Sigourney and Lockwood did not state whether they were made for actual or implied bias, and the examination of the jurors did not disclose any bias. As to the charge of the Court, he cited *People* v. *Chambers*, 18 Cal. 382: *People* v. *Ah Ki*, 20 Cal. 178; and *People* v. *Redundo*, 44 Cal. 538.

By the Court, McKINSTRY, J.:

The writing purporting to be a statement of evidence, cannot be regarded. It constitutes no part of the Bill of Exceptions certified by the County Judge.

The defendant filed an affidavit, and then challenged the panel of jurors "for the reasons set forth in the affidavit." The prosecuting officer demurred to the challenge, and the defendant amended by filing a separate paper. The amended challenge was a substitute for the original. But if the two could be considered as one, the affidavit was not offered as evidence to support the challenge. Had it been, the Court below would have sustained an objection to its introduction. A witness cannot substitute his *ex parte* affidavit for an oral examination and cross-examination; nor can a defendant, by incorporating his own affidavit into his statement of the grounds of a challenge, make it evidence of the facts averred in the statement. The challenge is the pleading; its averments must be proved by legal evidence.

The amended challenge was denied by the District Attorney, and the only witnesses examined at the trial of the issue thus made were the Sheriff and his Under Sheriff, Potter. The County Court overruled the challenge, and we do not think this ruling should be disturbed.

Nor was there any error in overruling the challenges to the jurors Lockwood and Sigourney. That the former was unable accurately to define the word "qualified," does not prove that he was disqualified.

The appellant has separated from that which precedes and follows it, the following language in the charge of the Court: "If you believe, from the evidence, that the defendant was found in possession of the mare described in the indictment, after the alleged taking, this is a circumstance tending to show guilt, but not sufficient, standing alone and unsupported by other evidence, to warrant you in finding him guilty; there must, in addition to proof of the possession of stolen property, be proof of corroborating circumstances tending to establish guilt. These corroborating circumstances may consist of acts or conduct, or declarations, or any other circumstances tending to show the guilt of the accused."

It is objected that by this instruction a conclusive effect is given to any circumstances, however trivial, after possession is shown.

We do not think this criticism is justified by the words employed, and are quite sure that no such impression could have been made on the minds of the jurors by the charge as a whole. The jury had just been informed that mere possession, "however soon after the taking," was not sufficient to justify a conviction, and immediately afterward were told that, if the possession was proved, and there was also proof of other circumstances tending to establish the guilt of the accused, "they could consider the fact of the possession, together with such corroborating circumstances, and give them such weight as they believed them entitled to." The Court explained the rule as to the degree of evidence necessary to a conviction in criminal cases; that the jury must be convinced to a "moral certainty," "beyond a reasonable doubt;" and at the request of defendant, charged: "All the circumstances must not only be consistent with defendant's guilt, but inconsistent with any other rational conclusion."

Thus, the context considered, the charge in effect declared that mere possession of stolen property would not justify a verdict of "guilty;" that there must be proof of other facts tending to establish guilt, and all the facts must prove guilt beyond every reasonable doubt.

Judgment and order denying a new trial affirmed.

Mr. Justice RHODES did not express an opinion.