# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT

OF THE

## TERRITORY OF ARIZONA,

### JANUARY TERM, 1884.

---

## TERRITORY OF ARIZONA *v.* VINCENTO CASIO.

IN PROSECUTION FOR LARCENY OF PROPERTY THAT DOES NOT EASILY PASS
FROM HAND TO HAND, THE PRISONER'S EXCLUSIVE AND UNEXPLAINED
POSSESSION of the stolen property, recently after the theft, is not only a
circumstance to be considered as tending to show the prisoner's guilt, but
raises such a presumption that he is the thief that the burden of proof is
taken from the prosecution and laid upon him.

APPEAL from a judgment of the district court of the first
judicial district, county of Pima, convicting the defendant
of grand larceny. The opinion states the facts.

No appearance for the appellant.

*Clark Churchill, attorney general,* for the respondent.

By Court, PINNEY, J.:

The appellant was tried and convicted of grand larceny,
and sentenced to the penitentiary for the term of two years,
from which judgment he appeals to this court, and assigns
several grounds of error. Among others, the defendant

asked the following instruction: "The mere possession of stolen property is a circumstance to be considered in determining the guilt of the possessor, but this circumstance is not of itself sufficient to authorize a conviction," which was refused by the court, and in the charge to the jury the following was given: "As a point of law, I charge you that possession of property recently stolen is sufficient to put the possessor upon his defense, and calls for satisfactory explanation; and it is for you, gentlemen, to say whether you are satisfied with the explanation of the defendant as to the manner in which he came into the possession of this ass. Its possession may be considered *prima facie* evidence that the possessor came into its possession unlawfully, unless he can show by undoubted proof that it came into his possession in a legitimate and lawful manner. It is for you, gentlemen, to say whether he has shown by that undoubted proof, or whether he has proved at all, that he came into possession of this ass in a legitimate way. The burden of proof in every instance rests with the prisoner."

The facts in this case in brief are, that the complaining witness was the owner and possessor of an ass; that he had him running near his house; that he was stolen, and in about two months after he was stolen the defendant and appellant was in possession of the ass, claiming him as his own, and sold and delivered him to another party, in whose possession the real owner found him. This was in substance the proof on the part of the prosecution. The defendant was sworn, and testified that he traded a horse for this and another ass, and gave the man's name with whom he traded, but was unable to tell where the man was at the time of the trial.

The charge of the court below on the question of possession of stolen property is couched in rather strong terms; but taking that charge together with the whole charge of the court, and the facts in proof in the case, we can not see that any such injustice has been done the defendant as would entitle him to another trial, provided the instruction given as to possession of property recently stolen is the better law. On this subject the reported cases are numerous, and some discord seems to exist. The larceny being shown, and the property found in the possession of the defendant

soon enough after the theft to make it recent, is that a mere circumstance tending to show guilt, to be considered by the jury? or is it *prima facie* evidence that the possessor is the thief? And is the burden of proof then shifted? and must the defendant satisfactorily explain such possession?

In *People* v. *Chambers,* 18 Cal. 383, that court holds that such possession is a circumstance to be considered in determining the guilt of the possessor. In that case the larceny charged was stealing money and watches. And in that class of cases, to say the least, the doctrine that recent possession of stolen property is *prima facie* evidence of guilt, should be greatly modified. Indeed, the authorities all seem to tend in that direction. The same rule should not apply to small articles which readily pass from hand to hand as it does to property which can not be so easily and artfully disposed of. Had the California courts remained content with the doctrine laid down in *People* v. *Chambers, supra,* and as applied to the facts in that case, we might have been disposed to agree with them. But in the case of *People* v. *Brown,* 48 Cal. 253, in which the defendant was charged with stealing a mare, the doctrine that the recent possession is a mere circumstance to be considered., etc., is again approved of by that learned court. And while we are not unmindful that there are cases where great injustice may be done to a defendant by holding a different rule— holding to the old rule, we may say—still the rule of injustice is one which works both ways. And with all due respect, we must differ from the rule as laid down in the case last cited. Indeed, the great weight of authority seems to be against the doctrine there held.

It has been generally understood that the prisoner's exclusive and unexplained possession of stolen property recently after the theft raises the presumption that he is the thief, and that this presumption takes the burden of proof from the prosecution, and lays it upon the prisoner. Rosc. Cr. Ev. 18; 2 Russ. on Crimes, 337. To the same effect see Phillips on Ev., 7th ed., 186; *Knickerbocker* v. *People,* 43 N. Y. 177; *People* v. *Walker,* 38 Mich. 156; *State* v. *Brady,* 27 Iowa, 126; *State* v. *Oreson,* 38 Mo. 372; *State* v. *Turner,* 65 N. C. 592; *Waters* v. *People,* 104 Ill. 544; *Sahlinger* v. *People,* 102 Id. 24. And so far as we have been able to dis-

cover, the California courts stand almost alone in the modification of the doctrine.

It is unnecessary to discuss this subject further. Whether a case is sufficiently strong against the accused to warrant his being called on for his defense must necessarily depend upon the facts in each given case. The other errors assigned not being sufficient to warrant a reversal of the judgment,
Judgment affirmed.

FRENCH, C. J., concurred.