WILLIAM JOHNSON V. THE TERRITORY OF OKLAHOMA.

1. DEMURRER TO INDICTMENT SUSTAINED—*Order for Resubmission.*   An order made by the district court when sustaining a demurrer to an indictment "that the defendant be held under his present bond to await the action of the grand jury this term," or that defendant "be held in the sum of $500 to await the action of the next grand jury," is equivalent to an order directing the case to be resubmitted to the same or another grand jury.

2. BURGLARY—*Possession of Property Stolen.*   In a prosecution for burglary, the possession by the defendant recently after the burglary of property stolen at the time of the burglary, is, if unexplained, a circumstance tending to show the guilt of the burglary of the person having such possession, but no presumption of law of guilt of either the theft of such property or of the burglary arises from such possession, and it is held error for the trial court to instruct the jury that, "If one is found in the exclusive possession of recently stolen property, the law presumes that he is the thief, and the burden is on him to show that he came honestly into the possession of such property."

*Error from the District Court of Canadian County.*

Prosecution for burglary, in which the defendant was convicted and sentenced to imprisonment for three years; from which judgment he appeals.   Reversed.

*R. B. Forrest,* for plaintiff in error.

*Harper S. Cunningham, Attorney General,* for the territory.

The opinion of the court was delivered by

BIERER, J.:. On the 4th day of December, 1895, an indictment against the defendant for burglary was returned by the grand jury to the district court of Canadian county. On being arraigned, the defendant filed a plea in abatement to this indictment, which plea seems to have been treated by the court as a motion to set aside the indictment, on the ground that the defendant had twice before been indicted charged with the same offense, and that the court, upon sustaining demurrers to these former indictments, had not ordered the case re-submitted to the grand jury.

On sustaining the demurrer to the first indictment it was ordered by the court "that the defendant be held under his present bond to await the action of the grand jury, this term;" and on sustaining the demurrer to the second indictment it was ordered by the court "that said defendant, Johnson, be held in the sum of $500 to await the action of the grand jury."

The motion was overruled, and error is assigned on this action. We do not observe any error in this ruling. It is true that § 5123 of the statute provides that if a demurrer is sustained the judgment is final upon the indictment referred to, and a bar to another proscution for the same offense, unless the court, being of the opinion that the objection on which the demurrer is sustained may be avoided on a new indictment, "direct the case to be re-submitted to the same or another grand jury." This statute, however, does not require that the order re-submitting the case to the grand jury should be in any particular form, and any language which shows that the court gave such a direction to re-submit the case is sufficient. No other construction can be placed

upon the two orders of the district court in sustaining the demurrers to the former indictments than that the matter was to be re-submitted to the grand jury. The defendant was ordered held under his present bond to await the action of the grand jury, and this meant that the grand jury was to consider the case. There could be no action upon the matter without the consideration of the grand jury, and the plain and clear intendment of the order was that the grand jury should act upon the case, and this is equivalent, when couched in the language here stated, to a direction that the case be resubmitted to the grand jury.

The chief contention of plaintiff in error is that the trial court erred in instructing the jury in the following language.

"If one is found in the exclusive possession of recently stolen property, the law presumes that he is the thief, and the burden is on him to show that he came honestly into the possession of such property."

Where it is claimed that a burglary has been committed by an unlawful and forcible entry of a building, with intent to steal, the possession by the defendant shortly thereafter of property which it has been proven was stolen from the building at the time of the burglary, if such possession is unexplained, is a circumstance tending to show that the defendant is guilty of the burglary. In such a case testimony which tends to prove the commission of larceny also tends to prove the commission of burglary; but the evidence of unexplained possession of recently stolen property would have no more force and weight in such a case than in a case of larceny. In either, it is but a circumstance tending to show the guilt of the defendant, if established as a fact

by the evidence beyond a reasonable doubt. The infer-
ence, also of fact, may flow therefrom, that the recent
and unexplained possession is because the possessor stole
the property. The only inference, however, to be drawn
from such proof is an inference of fact, and however
strong the circumstance may be, or however irresistible
the inference that may follow, no presumption, as a mat-
ter of law, flows from such proof. The law presents
against the defendant in a larceny or burglary case no
presumption, excepting that which it exercises in all cases,
that is, that every man is presumed to intend the natural
consequences of every deliberate act, and that presump-
tion is never carried to the extent of asserting his guilt
as a matter of law, no matter how strong the evidence
may be. The law of this territory is that "a defendant
in a criminal action is presumed to be innocent until the
contrary is proven." This does not mean that he is pre-
sumed to be innocent until one fact is proven against
him in the case, that is, that he had exclusive possession
of recently stolen property. It requires more than one
fact, however potent it may be, to overthrow this pre-
sumption of the defendant's innocence. It requires the
verdict of a jury, and until that verdict is returned and
accepted by the court, the defendant is, throughout the
case, presumed innocent, and on the return of a verdict by
the jury he is for the first time presumed guilty. Under
the law the defendant, unless he pleads guilty, must be
considered by the jury as innocent, and the jury are the
sole and exclusive judges of the facts proved and the in-
ferences to be drawn therefrom. The court is the judge
of the law, but from being the judge of the law it can-
not lay down to the jury presumptions of law from facts
proven, which, being exercised, would make the court,
rather than the jury, the ultimate arbiter of the cause.

A presumption is a conclusion drawn from the proof of facts or circumstances, and stands as establishing facts until overcome by contrary proof, and if the court should say that such a conclusion of guilt should be drawn from one of the important facts of the case, then the presumption of innocence which obtains in favor of the defendant throughout the trial would be transformed into a presumption of guilt as soon as the one fact was proven. This is not the law. Upon the question here presented, in the case of *Ingalls v. State*, 48 Wis. 647, which has frequently been cited by the courts, the supreme court of Wisconsin said:

"It is also urged by the learned counsel for the plaintiff in error, that the circuit judge, in his instructions to the jury, gave too much importance to the evidence of the possession of stolen goods, or some part of them, by the accused shortly after the larceny. The effect of such evidence was very ably discussed by the late Chief Justice Dixon, in the case of *Graves v. The State*, 12 Wis. 591, and more recently by Justice Orton, in the case of *The State v. Snell*, 46 Wis. 524. The rule to be derived from these cases, and which is sustained by the later elementary writers upon evidence in criminal cases, is, that the possession of the stolen goods by the accused recently after the larceny does not raise any legal presumption of the guilt of the party so found in possession. The fact of the possession of the stolen property by the accused is evidence tending to prove his guilt, but is in no sense conclusive as to his guilt; nor does his guilt follow as a presumption of law unless such possession be explained by the accused."

In the case of *State v. Walters*, from the supreme court of Washington, 34 Pac. 938, the trial court gave this instruction:

"In this case, if the jury believe from the evidence beyond a reasonable doubt that the property described

in the information was stolen, and that the defendant was found in the possession of the property soon after it was stolen, then said possession is in law a criminating circumstance, tending to show the guilt of the defendant, unless the evidence, and the facts and circumstances proved, show that he may have come honestly in possession of it."

And concerning it, the court said:

"The possession of recently stolen property may or may not be a criminating circumstance, and whether it is or not depends upon the facts and circumstances connected with such possession.   It is a circumstance to be considered by the jury, in connection with all the other evidence in the given case, in determining the guilt or innocence of the accused; and its weight as evidence, like that of any other fact, is to be determined by them alone.   (*People v. Chambers*, 18 Cal. 383; *People v. Ah Ki*, 20 Cal. 178; *People v. Noregea*, 48 Cal. 123; *State v. Humason*, 5 Wash. 499, 32 Pac. 111; *Watkins v, State*, 2 Tex. App. 73.)   Any presumption that may be drawn from such possession is a presumption of fact merely; in other words it is only an inference that one fact may exist from the proof of another, and does not amount to a rule of law.   (Whart. Crim. Ev. 58; *Smith v. State*, 58 Ind. 340; *State v. Hodge*, 50 N. H. 510; 3 Greenl. Ev. § 31: *Ingalls v. State*, 48 Wis. 656, 4 N. W. 785; Bish. Crim. Proc. § 745)."

A similar conclusion was reached in the case of *Methard v. State*, 19 Ohio St. 363, which was a prosecution for burglary, and in which the trial court gave an instruction in line with the one here complained of.   The cause was reversed on account of the error contained in this instruction.

We hold that the instruction complained of was erroneous, and the judgment of the district court is therefore reversed, and the cause remanded for a new trial.

All the Justices concurring.