[Criminal No. 152.　Filed March 19, 1901.]

[64 Pac. 423.]

## E. J. TAYLOR, Defendant and Appellant, v. TERRITORY OF ARIZONA, Plaintiff and Respondent.

1. Judicial Notice—Rising and Setting of Sun.—Courts take judicial notice of the time of the rising and setting of the sun.

2. Criminal Law—Burglary—Defined—Degrees—Night-Time — Defined—Evidence—Reviewed and Held Sufficient to Convict of Burglary in First Degree—Rev. Stats. Ariz. 1887, Pars. 713, 715, 717, Cited.—Paragraph 713, *supra,* provides that "every person who enters any . . . store . . . with intent to commit grand or petit larceny, or any felony, is guilty of burglary." Paragraph 715, *supra,* provides that "Every burglary committed in the night-time is burglary of the first degree, and every burglary committed in the day-time is burglary of the second degree." Paragraph 717, *supra,* provides that "The phrase 'night-time,' as used in this chapter, means the period between sunset and sunrise." The owner of a store testified that when he closed on the night of January 10th he noticed nothing wrong; that he was called and told of the burglary between 7 and 7:30 o'clock in the morning of January 11th. Sunrise occurred at 7:04 on the morning of January 11th. The evidence showed that the cellar door was broken open, a hole cut through the floor, the storeroom broken into, the safe blown open, and its contents methodically rifled and the escape of the burglar. *Held,* that there was sufficient evidence from which the jury could rightfully infer that the burglary was committed in the night-time.

3. Same — Same — Larceny—Evidence—Presumptions—Recent Possession of Stolen Goods — Innocence Presumed until Guilt Proven—Rev. Stats. Ariz. 1887, Pen. Code, Par. 1645, Cited— Territory v. Casio, 1 Ariz. 485, 2 Pac. 755, Expressly Overruled.—The possession of stolen goods by the accused recently after a burglary or larceny, if unexplained, is a circumstance from which the jury may infer complicity therein, but the law raises no presumption from that or any other fact against a defendant, expressly declaring in the statute, *supra,* that "a defendant . . . is presumed to be innocent until the contrary be proved, and in case of a reasonable doubt whether his guilt be satisfactorily shown, he is entitled to be acquitted." *Territory* v. *Casio, supra,* is expressly overruled.

4. Same—Same—Charge to Jury—Stating a Legal Principal in the Abstract Applicable to the Evidence in the Case not Error— Nor an Assumption of the Existence of Facts.—A charge that

"where goods have been feloniously taken by means of a burglary, and they are immediately or soon thereafter found in the actual or exclusive possession of a person who gives a false account, or who refuses to give any account, of the manner in which the goods came into his possession, proof of such possession and guilty conduct is evidence tending to prove not only that he stole the goods, but that he made use of the means by which access to them was obtained," does not assume the existence of certain facts as proven,—viz., that the defendant gave a false account, or refused to give any account, of the manner in which the checks came into his possession, and that his conduct was guilty at the time he was found with them in his possession,—as it only states a legal principle in the abstract, applicable to the evidence in the case, and hence is not objectionable.

5. SAME—SAME—LARCENY—EVIDENCE—FACTS TENDING TO PROVE LARCENY TEND TO PROVE BURGLARY, WHERE LARCENY COMMITTED IN CONNECTION WITH BURGLARY—CHARGE TO JURY—EXPRESSION OF OPINION BY COURT—WHAT IS NOT.—A larceny having been committed in connection with a burglary, testimony which tends to prove the larceny also tends to prove the commission of the burglary. It is not trenching upon the province of the jury to say that particular evidence tends to prove a matter which it clearly does tend to establish. Such an instruction is not an expression of opinion as to the weight or effect of the evidence, nor that any fact has been proved thereby.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Gila. F. M. Doan, Judge. Affirmed.

The facts are stated in the opinion.

E. J. Edwards, for Appellant.

Possession of recently-stolen property is a circumstance to be considered by the jury, in connection with all the other evidence in the given case, in determining the guilt or innocence of the accused; and its weight as evidence, like that of any other fact, is to be determined by them alone. *People* v. *Chambers*, 18 Cal. 383; *People* v. *Ah Ki*, 20 Cal. 178; *People* v. *Noregea*, 48 Cal. 123; *State* v. *Humason*, 5 Wash. 499; *Watkins* v. *State*, 2 Tex. App. 73; *Johnson* v. *Territory*, 5 Okla. 695, 50 Pac. 90; *State* v. *Kirkpatrick*, 72 Iowa, 500, 34 N. W. 301.

"Possession of stolen property may or may not be a criminating circumstance, and whether it is or not depends upon

the facts and circumstances connected with such possession.''
*State* v. *Walter*, 7 Wash. 246, 34 Pac. 938; *State* v. *Gray*, 23
Nev. 301, 46 Pac. 801; *Johnson* v. *Territory*, 5 Okla. 695, 50
Pac. 90.

C. F. Ainsworth, Attorney-General, for Respondent.

DAVIS, J.—The appellant was convicted of burglary of
the first degree, alleged to have been committed on or about
January 10, 1900, by entering a store in the night-time with
intent to commit larceny. He appeals from the judgment,
and assigns two grounds of error, upon which he relies for
reversal.

1. It is first claimed that the evidence is insufficient to sus-
tain the verdict and judgment. Under our statute, ''Every
person who enters any house, room, apartment, tenement,
shop, warehouse, store, . . . with intent to commit grand or
petit larceny, or any felony, is guilty of burglary.'' Pen.
Code, par. 713. ''Every burglary committed in the night-
time is burglary of the first degree, and every burglary com-
mitted in the day-time is burglary of the second degree.'' Id.,
par. 715. ''The phrase 'night-time,' as used in this chapter,
means the period between sunset and sunrise.'' Id., par. 717.
From the statement of facts it appears that on the night of
January 10, 1900, or in the early morning following, the store
of one Victor B. Bloom, in the town of Globe, was entered,
the safe broken open, and some money and valuables taken
therefrom, including about four hundred dollars in negotiable
checks drawn by the Old Dominion Copper Mining and Smelt-
ing Company on the Bank of California, of San Francisco,
California. About twelve days later the appellant, in person,
presented these checks for payment at the bank upon which
they were drawn, and was shortly thereafter arrested, brought
back to Arizona, and prosecuted. Counsel for the appellant
insists that there is no evidence in the record to show that the
burglary was committed between the hours of sunset and sun-
rise. In this contention we think he is not sustained. Victor
B. Bloom, the owner of the store which was burglariously
entered, and a witness for the prosecution, testified as follows:
''I did not notice anything out of the way in the store on the
night of the 10th of January, 1900, when I closed up. I was
called between 7 and 7:30 o'clock on the morning of the 11th

of January by Mr. Flood, who came running over and said the safe was blown open. I dressed in a hurry, and went over to the store. The safe had been blown open and the books thrown all over the floor, the money-chest drawn out, and the contents taken. The entrance was made through the cellar door. The cellar door was broken open by some one who got into the cellar, cut a hole through the floor, and got into the store. Checks and cash were taken. I can identify the checks. These are the checks that I cashed, and were afterwards taken out of my safe.'' It is a matter within the common knowledge of all, and a fact of which we take judicial notice, that in the locality of Globe, on January 11, 1900, the sun rose at 7:04 A. M. If, therefore, the burglary was not discovered before 7:30 A. M., there would be left only twenty-six minutes for the perpetration of the crime and the escape of the criminal, unless the operations were in progress before sunrise; and when it is considered that these operations necessarily included the successive acts of breaking open the cellar door, cutting a hole through the floor, getting into the store-room, blowing open the safe, methodically rifling its contents, and subsequent flight, we think there is not lacking evidence in this case from which the jury could rightfully infer that the burglary was committed in the night-time.

2. The appellant complains of the following instruction which was contained in the charge of the court: ''The jury are instructed that, where a burglary is connected with a larceny, mere possession of stolen goods, without any other evidence of guilt, is not to be regarded as *prima facie* or presumptive evidence of the burglary. But where goods have been feloniously taken by means of a burglary, and they are immediately or soon thereafter found in the actual or exclusive possession of a person who gives a false account, or who refuses to give any account, of the manner in which the goods came into his possession, proof of such possession and guilty conduct is evidence tending to prove not only that he stole the goods, but that he made use of the means by which access to them was obtained. There should be some evidence of guilty conduct, besides the bare possession of the stolen property, before the presumption of burglary is superadded to that of larceny.'' It is found frequently repeated in the books of the law that the recent unexplained possession of stolen goods

creates a presumption that the possessor is guilty of the theft. The nature of this presumption is thus stated by Greenleaf: "Possession of the fruits of crime, recently after its commission, is *prima facie* evidence of guilty possession; and if unexplained, either by direct evidence or by attending circumstances, or by the character and habits of life of the possessor, or otherwise, it is taken as conclusive." This statement has been quoted as the correct expression of the law in many cases, and in the early case of *Territory* v. *Casio,* 1 Ariz. 485, 2 Pac. 755, it was held by this court that "a prisoner's exclusive and unexplained possession of stolen property recently after the theft raises a presumption that he is the thief, and such presumption takes the burden of proof from the prosecution and lays it upon the prisoner." Many authorities, both English and American, ascribe to this presumption the character of a presumption of law, which means that, if it is not rebutted by direct evidence or by circumstances, it becomes conclusive against the prisoner. The more recent and better view, however, ascribes to it the character of a presumption of fact, which means that it is a presumption which the jury are at liberty to draw or not, as they shall see fit, and which hence does not necessarily become conclusive when not rebutted. The law really raises no presumption against a defendant in a larceny or burglary case, but expressly declares that "a defendant . . . is presumed to be innocent until the contrary be proved, and, in case of a reasonable doubt whether his guilt be satisfactorily shown, he is entitled to be acquitted." Pen. Code, par. 1645. This does not mean that he is presumed to be innocent until one fact is proved against him in the case, namely, the exclusive possession of recently-stolen property. It requires more than one fact, however potent, to overthrow the presumption of the defendant's innocence. It requires the verdict of a jury, and until that verdict is returned and accepted by the court the defendant is throughout the case presumed innocent, and on the return of the verdict by the jury he is for the first time presumed to be guilty. *Johnson* v. *Territory,* 5 Okl. 695, 50 Pac. 90. We know that many kinds of personal property pass easily from hand to hand, and it is obvious that, if the mere possession is sufficient to convict, the innocent are as likely to suffer as the guilty. There are frequent cases in

which an explanation would be impossible, and in such cases to throw the burden of explanation upon the accused would be to slam the door of justice in his face. *People* v. *Chambers,* 18 Cal. 383. Moreover, a presumption which would require an explanation from the defendant to prevent it becoming conclusive of his guilt would be in direct conflict with paragraph 2040 of the Penal Code, which is intended to shield him from any unfavorable presumption which his refusal to testify might create. And, with all due respect for the previous adjudication of this court, we do not believe that the case of *Territory* v. *Casio, supra,* correctly states the law upon this point as it is understood and accepted by the modern and better authorities. Recognizing that the jury are the sole and exclusive judges of the facts proved, and the inferences to be drawn therefrom, an expression of the law more in harmony with the current authority would be substantially as follows: The possession of stolen goods by the accused recently after the larceny, if unexplained, is a circumstance from which the jury may infer his complicity in the larceny. Its value as evidence, however, is to be determined by them alone. In determining the weight to be attached to this circumstance as evidence tending to prove guilt the jury should take into consideration all the facts and circumstances connected with such possession, and their relation to the other proofs in the case. *Methard* v. *State,* 19 Ohio St. 363; *Ingalls* v. *State,* 48 Wis. 647, 4 N. W. 785; *Smith* v. *State,* 58 Ind. 340; *State* v. *Hodge,* 50 N. H. 510; *State* v. *Walters,* 7 Wash. 246, 34 Pac. 938; *Johnson* v. *Territory,* 5 Okl. 695, 50 Pac. 90; *Lehman* v. *State,* 18 Tex. App. 174, 51 Am. Dec. 298. The point is sought to be made that the instruction in the case at bar assumed the existence of certain facts which had not been proven,—viz., that the defendant gave a false account, or refused to give any account, of the manner in which the checks came into his possession, and that his conduct was guilty at the time he was found with them in his possession. We do not give to the instruction that effect. The court was only stating a legal principle in the abstract. It was applicable to the evidence in the case, however. A witness for the prosecution (Edmond Byram) had testified to having seen the defendant present these checks at the bank in San Francisco, and that, when there seemed to

be some controversy about them, defendant went away, leaving them on the paying teller's window; that he again saw the defendant when under arrest, two days afterwards, at which time the latter denied all knowledge of the checks. The testimony of another witness (David Heron), who was a deputy sheriff at Globe, had been to the effect that he had gone to San Francisco to make the arrest; that on first meeting the defendant there the latter denied having any knowledge concerning the checks, and also stated that he did not know where the town of Globe was; that shortly after this conversation the defendant told him that he was the man who had presented the checks at the bank, and that he had received them from a friend named Burke. Other witnesses had testified to having seen the defendant in Globe about the time of the burglary. It is also objected that the jury was charged as to the effect of the evidence. In this case, a larceny having been committed in connection with the burglary, testimony which tended to prove the larceny would also tend to prove the commission of the burglary. It is not trenching upon the province of the jury to say that particular evidence tends to prove a matter which it clearly does tend to establish. Such an instruction is not an expression of opinion as to the weight or effect of the evidence, nor that any fact has been proved thereby. There is not contained in the instruction complained of any departure from the law which could have misled the jury to the prejudice of the defendant. No error appearing in the record, the judgment of the district court is affirmed.

Street, C. J., and Sloan, J., concur.