[Criminal No. 624.   Filed July 15, 1926.]

[247 Pac. 1101.]

ADOLFO PORRIS and MANUEL SANCHEZ, Appellants, v. STATE, Respondent.

1. BURGLARY—EVIDENCE HELD SUFFICIENT TO SUSTAIN CONVICTION FOR BURGLARY. — Evidence that accused possessed waybill to trunk containing goods secured by burglary, as well as other goods stolen throughout vicinity, and was in possession of keys such as burglars ordinarily use, *held* sufficient to sustain conviction for burglary.

2. BURGLARY.—Evidence of finding of stolen articles in possession of accused, together with keys usually carried by burglars, and explanation of his possession, *held* sufficient to sustain conviction for burglary.

3. BURGLARY.—Proof of possession of goods taken from owner by burglary, concerning which accused gives false account or refuses to account, is sufficient to support conviction for burglary.

4. CRIMINAL LAW.—Where burglary prosecution depends upon circumstantial evidence, and accused is shown to have been in possession of stolen property, evidence that other property in possession of accused had been stolen about same time in same general locality *held* admissible.

---

3.   Possession of stolen property as evidence of guilt, see notes in 101 **Am. St. Rep.** 481; 19 Ann. Cas. 1281; 12 **L. R. A. (N. S.)** 199. See, also, 4 **Cal. Jur.** 741; 4 **R. C. L.** 440; 8 **R. C. L.** 187.

5. CRIMINAL LAW. — Court will take judicial notice of approximate time of sunset on particular day.

6. CRIMINAL LAW.—Where facts are established clearly by uncontradicted evidence, instruction assuming such facts is not erroneous under Constitution, article 6, section 12, as invading province of jury.

7. CRIMINAL LAW.—Where burglary, if committed, must have been after 6 P. M. on January 17th, instruction that burglary was committed in night-time and that jury was therefore only concerned with burglary in first degree, *held* not violative of Constitution, article 6, section 12, as comment on facts.

8. BURGLARY. — Where burglary, if committed, was committed in night-time instruction to such effect *held* not erroneous because failing to define night-time.

See (1) 9 C. J., p. 1082, n. 71.   (2, 3) 9 C. J., p. 1075, n. 9, p. 1084, n. 83.   (4) 16 C. J., p. 595, n. 12, 18 (5–8) 9 C. J., p. 1086, n. 13; 16 C. J., p. 516, n. 36 New, p. 950, n. 3.

APPEAL from a judgment of the Superior Court of the County of Maricopa. M. T. Phelps, Judge. Affirmed.

Mr. V. L. Hash, for Appellants.

Mr. John W. Murphy, Attorney General, and Mr. Earl Anderson and Mr. Frank J. Duffy, Assistant Attorneys General, for the State.

LOCKWOOD, J.—On the 17th of January, 1925, one Mrs. Garbaccio lived at 817 North Ninth Avenue in the city of Phoenix. That evening, shortly after 6 o'clock, she, with her daughter and some relatives left the house, and when they returned about midnight, found it had been ransacked and a great many articles of clothing and jewelry were missing which had been there when they left. Two days later defendant Sanchez shipped a trunk to El Paso. The officers had had him under observation for some time

5. Judicial notice, see notes in 89 **Am. Dec.** 663; 124 **Am. St. Rep.** 22; 21 Ann. Cas. 352. See, also, 10 **Cal. Jur.** 720; 15 **R. C. L.** 1100.

6. See 8 **Cal. Jur.** 297.

and arrested him January 20th. The waybill for the trunk being found in his possession, the officers took steps to have the trunk returned to Phoenix, and upon its receipt there were found therein a number of articles stolen from the house of Mrs. Garbaccio. It also appeared that at the time of the arrest Sanchez had in his possession a bunch of keys of the type called skeleton and master keys. As a result of the arrest of Sanchez, the officers went to the house of defendant Porris and there found a number of other things which had been taken from the Garbaccio house, together with some keys of the same type as those found on Sanchez. Porris attempted to explain his possession of the stolen goods by saying he had received them in payment for some work he had done upon a car for a negro, and denied any knowledge of the keys. Sanchez claimed the trunk belonged to his wife, and that he had no knowledge of its contents. The jury returned a verdict of burglary in the first degree against both defendants, and the matter is before us for review.

There are some five assignments of error which we will consider in their order. The first is that the evidence does not sustain the verdict. It is contended that the only circumstance tending to connect defendants, or either of them, with the commission of the alleged crime, is that the stolen goods were found in their possession. So far as the defendant Sanchez is concerned, the evidence showed not only that he had shipped a trunk containing some of the stolen goods, but that he carried with him a bunch of keys of a class generally used by burglars, and that there were also in the trunk goods stolen at about the same time and from the same general vicinity. We think this is ample to warrant the jury in returning a verdict of guilty as to him. It is true he claimed that his wife packed the trunk and he knew nothing of the contents, but the possession of the waybill established

sufficiently that the trunk was in his possession at the time it was shipped, and it was for the jury to determine whether or not they believed his explanation in regard to his lack of knowledge of the contents thereof.

So far as the defendant Porris is concerned, the only circumstance in addition to the finding of the stolen articles which would bear on his guilt or innocence was his explanation of the way they came into his possession, and the keys found with them. It is well settled that, while evidence of the recent unexplained possession of stolen property is not sufficient, standing alone, to sustain a conviction of larceny, yet it is equally true that, where goods have been feloniously taken and they are immediately or soon thereafter found in the possession of a person who gives a false account or refuses to give any account of the manner in which he came into possession thereof, proof of such possession and conduct on the part of the accused is sufficient to support a verdict of guilty, and, if the evidence in addition shows the goods have been feloniously taken by means of a burglary, it will support a conviction of the latter offense. *People* v. *Howard,* 58 Cal. App. 340, 208 Pac. 1022; *People* v. *Smith,* 86 Cal. 238, 24 Pac. 988.

Defendant Porris, when arrested, stated to the officers that a negro had come along by his house and asked him to make some repairs on his automobile; that he made them, and the negro in payment therefor gave him the stolen goods, together with a lot of other personal property. The negro did not appear at the trial nor did the owner of the garage where Porris claimed the work was done, and the latter, when on the witness-stand, testified the party for whom he did the work was a Mexican. We think the language of the court in *Thomason* v. *State* (Tex. Cr. App.), 41 S. W. 638, is well applicable to this situation:

"The defendant relied upon a purchase or trade for said cattle with a stranger passing through the country, who was not known in those parts, though two or three witnesses give a description of his personal appearance, but they did not know his name. Appellant, however, gave him a name, but states that he had never seen him before nor since. This is the same ubiquitous stranger who so often figures in the records of this court in theft of cattle cases. Like the Wandering Jew, he is always on the go, but, when the time of trial comes, is always inaccessible, and cannot be found. . . . ''

We think the jury was justified in believing the explanation of Porris to be untrue, and that the evidence in his case was also sufficient to sustain a conviction.

The second assignment of error is that the court erred in admitting testimony that the trunk of Sanchez was filled with stolen goods from six to seven residences that had been burglarized in Phoenix and Tempe. In a case depending upon circumstantial evidence, it is the rule that, when one is in possession of the property alleged to be stolen, it may be shown that other property in his possession had been stolen about the same time and in the same general locality. *Thornton* v. *State*, 80 Tex. Cr. Rep. 64, 188 S. W. 749; *House* v. *State*, 16 Tex. App. 31; Wharton on Criminal Evidence, pp. 34–41.

The third and fourth assignments of error may be considered together. After instructing the jury as to what constituted burglary, the court said:

"If the burglary be committed in the night-time it is burglary of the first degree; if in the daytime, it is burglary of the second degree. Under the testimony in this case if any burglary was committed, it was committed in the night-time; therefore you are only concerned with burglary of the first degree. . . . ''

Defendants claim this was a comment on the facts contrary to article 6, section 12, of the Constitution

of Arizona, and that the court failed to define the
phrase "night-time." It is a fact of which the courts
will take judicial notice that on January 17th the sun
sets at approximately 4:55 P. M. The undisputed
evidence was that when Mrs. Garbaccio left the prem-
ises at 6 P. M. the stolen goods were at the house,
and that when she returned about midnight they were
gone. The only evidence in the case therefore was
that, if a burglary was committed, it must have been
in the night-time. The evidence would not have war-
ranted a conviction of burglary in the second degree.
It is the law that, where facts are established clearly
by uncontradicted evidence, an instruction is not
erroneous as invading the province of the jury be-
cause it assumes the existence of such facts. *Gila
Water Co.* v. *Gila Land & Cattle Co.,* 28 Ariz. 531,
238 Pac. 336; 16 C. J. 650. Such being the case it was
not necessary for the court to instruct the jury as to
what the term "night-time" meant. The case of
*Vincent* v. *State,* 16 Ariz. 297, 145 Pac. 241, is not in
point. It appears therefrom that the evidence proved
first degree burglary, while the instruction was that
it showed second degree.

The last assignment is that the court erred in giv-
ing a certain instruction, which assumed that the
goods in question were stolen goods. A similar in-
struction was approved in the case of *Taylor* v. *Ter-
ritory,* 7 Ariz. 234, 64 Pac. 423, and we do not think it
can be considered as a comment on the evidence.

There being no reversible error shown, the judg-
ment of the trial court is affirmed.

McALISTER, C. J., and ROSS, J., concur.