[Crim. No. 1399.   Fourth Dist.   Jan. 29, 1959.]

THE PEOPLE, Respondent, v. HENRY WOZNIAK,
Appellant.

Robert C. Thaxton, Jr., under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Arthur C. deGoede, Deputy Attorney General, for Respondent.

STONE, J. pro tem.*—A jury found the defendant guilty of burglary in the first degree. By this appeal defendant asks the court to modify the judgment to burglary in the second degree.

Kent Parker was a permanent resident of a hotel in San Diego on March 19, 1958. A few days prior to that date he had been released from the hospital, he was not well, and was suffering some pain. At about 6:30 p. m. he took two sleeping pills prescribed by a doctor and went to sleep. When he awoke on the morning of March 20th he discovered that some of his property had been stolen. This was about 7 or 7:15 a. m. He then dressed, went downstairs to the hotel office, and reported the theft. He was advised by a girl in the cashier's office that his credit cards had been turned in by a cook in whose room they had been found. The defendant registered at the hotel at 10 p. m. March 19th and checked out sometime during the day of March 20th. There is nothing else in the record to indicate the time at which the burglary was committed.

---

*Assigned by Chairman of Judicial Council.

450

Penal Code, section 460, defines the degrees of burglary as follows:

"1. Every burglary of an inhabited dwelling house, trailer coach as defined by the Vehicle Code, or building committed in the nighttime, and every burglary, whether in the daytime or nighttime, committed by a person armed with a deadly weapon, or who while in the commission of such burglary arms himself with a deadly weapon, or who while in the commission of such burglary assaults any person, is burglary of the first degree."

"2. All other kinds of burglary are of the second degree."

As there is no contention that the defendant was armed or that he committed an assault in the commission of the burglary his conviction in the first degree can be sustained only if the record reflects that the burglary was committed in the nighttime. Section 463 of the Penal Code defines nighttime as follows: "The phrase 'nighttime,' as used in this Chapter, means the period between sunset and sunrise."

The hour of sunset on March 19th is unimportant as the defendant did not arrive at the hotel until 10 p. m. The hour of sunrise the following morning, March 20th, was 5 :52 a. m. Defendant contends that the failure of the court to instruct the jury of the time of sunset and sunrise made it impossible for the jury to determine whether the burglary took place in the nighttime, before 5 :52 a. m. March 20th, or after that hour and during the daytime.

Appellant argues that from the evidence adduced it would be just as reasonable to conclude that the burglary was committed after sunrise as during the nightime. One inference points to burglary first degree and the other to burglary second degree. The appellant contends that both inferences are reasonable and therefore he is entitled to have the doubt resolved in his favor and the crime determined to be of the lesser degree. Appellant also infers that there was no proof beyond a reasonable doubt of the commission of the crime prior to sunrise and for this additional reason the judgment should be modified to burglary second degree. He cites *People* v. *Golembiewski,* 25 Cal.App.2d 115, 118 [76 P.2d 717], which appears to support his position. However, the Golembiewski case has been distinguished by the Supreme Court which points out in *People* v. *Daugherty,* 40 Cal.2d 876, 884 [256 P.2d 911], that in the Golembiewski case there was no evidence of the higher offense and the judgment had to be modified to second degree. The Daugherty case also

holds that the rule that a defendant's guilt must be proved beyond a reasonable doubt and the rule that when the evidence is open to two equally reasonable constructions, one of which points to the guilt of the defendant of a higher degree of crime and the other to his guilt of a lesser degree, the court must adopt the theory pointing to the lesser degree, are rules applicable only to the trier of fact. The test on appeal is whether there is substantial evidence to support the conclusion of the trier of fact. (*People* v. *Daugherty, supra,* 884, 885.)

The question presented by this appeal is whether or not the record reflects substantial evidence to support the conviction of burglary first degree.

█ The respondent argues that the fact that the cook discovered Mr. Parker's credit cards in his room and delivered them to the management sometime before Mr. Parker reported the theft at approximately 7:15 a. m. constitutes evidence from which the jury could conclude that the burglary occurred before sunrise. However, the cook was not called to testify as to the time that he discovered the credit cards in his room nor the time he delivered them to the cashier's office, nor was anyone from the cashier's office called to testify as to the time Mr. Parker's credit cards were delivered at that office. Respondent also contends that the jurors could have concluded that the burglary occurred prior to 5:52 because there are fewer people moving about in a hotel prior to sunrise than after and there would be less likelihood of the burglar being detected. Respondent also contends that the victim would be more likely to sleep soundly during the night and less likely to hear a person entering the room than would be the case after sunrise.

Of course, the jurors could not have indulged in the speculation suggested by respondent unless they knew the hour of sunrise. Respondent argues that the burglary occurred within a few days of the vernal equinox and that some of the jurors could well have been aware of this and also that at this period of the year the sun sets and rises at approximately 6 p. m. and 6 a. m. █ It is recognized that courts will take judicial notice of natural phenomena of various sorts including the seasons of the year and differences in solar time. █ It is reasonable to assume that people living in a given community have general knowledge of the approximate time of sunrise in that vicinity although such knowledge is not exact. This general knowledge was not made certain by an instruction advising the jury of the hour of sunrise, and although

the omission standing alone would not be fatal, when viewed in the light of the dearth of evidence concerning the time when the burglary was committed, impels a modification of the judgment to burglary second degree.

Pursuant to Penal Code, section 1260, which empowers an appellate court to reduce the degree of an offense, the judgment is modified to read: "Whereas, said Henry Wozniak having been duly found guilty in this court of the crime of burglary of the second degree (Pen. Code, § 459) and grand theft (Pen. Code, §§ 484 and 487, subdivision 1) with one prior felony conviction; and defendant's application for probation being denied, it is therefore ordered, adjudged and decreed that the said Henry Wozniak be punished by imprisonment in the state prison of the State of California. It is further ordered, adjudged and directed that the said defendant be taken by the sheriff of the county of San Diego to the Director of Correction and Warden of the state prison of the state of California at California Institution for Men at Chino, forthwith."

As so modified the judgment is affirmed. The attempted appeal from the nonexistent order denying a motion for new trial is dismissed. The attempted appeal from the verdict and sentence from which no appeal lies are hereby dismissed.

Mussell, Acting P. J., and Shepard, J., concurred.