417 P.2d 554

**STATE of Arizona, Appellee,**

v.

**Robert E. SEXTON, Appellant.**

**No. I CA–CR 65.**

Court of Appeals of Arizona.

Aug. 8, 1966.

Vernon B. Croaff, Public Defender, by Grant Laney, Deputy Public Defender, for appellant.

Darrell F. Smith, Atty. Gen., by Philip W. Marquardt, Asst. Atty. Gen., for appellee.

DONOFRIO, Judge.

Robert E. Sexton, hereafter referred to as defendant, was charged and convicted of burglary in the first degree and sentenced to serve not less than three nor more than four years in the Arizona State Prison. Defendant prosecutes this appeal from the judgment entered upon the jury's verdict and subsequent sentence in this matter by the trial court.

The facts will be stated in the light most favorable to uphold the verdict. State v. Taylor, 2 Ariz.App. 314, 408 P.2d 418 (1965). George F. Hill, hereafter referred

to as the victim, and the defendant lived and worked at the Slash Bar K ranch located two miles outside of the town of Wickenburg, Arizona. The victim lived at the ranch in a house trailer which he did not keep locked, and to which he had never given the defendant permission to enter. Before coming to Arizona in the summer of 1964 he had purchased the American Express traveler's checks involved herein. He cashed one of these in defendant's presence about two weeks prior to the November 10, 1964 burglary. The victim stated that to the best of his knowledge the checks in question were in the trailer when he left to do his chores on the morning of November 10, 1964. During the day of November 10th the victim was working near the trailer and did not see the defendant enter the trailer at any time. However, the victim was not at the ranch between the hours of 10:00 A.M. and 2:30 or 3:00 P.M. of that day. When he did return he did not check the trailer to determine if the checks were still there. The victim went to dinner between 5:30 and 6:00 that evening as the sun was setting. He apparently did not return to the trailer until requested to do so around 9:45 P.M. to determine if his checks were still in the trailer. Upon discovering that they were gone and that nothing else had been disturbed, the victim went immediately to Wickenburg where he and a member of the local police discovered defendant asleep in a parked pickup truck. Both the officer and the victim stated defendant appeared intoxicated, but did not appear to be suffering from any epileptic seizure. Defendant was taken to the police station and a search revealed the victim's checks in defendant's possession.

On the morning of November 10, 1964, the defendant left for Wickenburg between 10:00 and 10:30 at which time, or shortly thereafter, he commenced drinking and from that time on until he was arrested in the pickup truck he does not remember where he was or what he did. He does not remember when he returned to the ranch although the victim testified that he saw him at the ranch around 3:00 P.M. and again later that night sometime around 9:00 P.M. The testimony established that defendant successfully cashed two of the traveler's checks at a service station in Wickenburg. The first one for twenty dollars was cashed between 5:30 and 6:00 P.M. on November 10, 1964. The second one for fifty dollars was cashed around 7:30 P.M. at which time the defendant appeared to have been drinking but did not appear to be drunk. Defendant unsuccessfully attempted to cash a fifty dollar traveler's check at a bar in Wickenburg between 7:00 and 8:00 that same evening. The bartender at the bar testified that defendant was at the bar from shortly before 5:00 P.M. until sometime between 8:00 and 9:00 that evening.

At defendant's request he was examined by two medical experts under Rule 250, Rules of Criminal Procedure, 17 A.R.S., to determine if defendant was able to understand the proceedings and assist counsel in his defense. Both experts agreed that defendant was capable of understanding the proceedings and of assisting counsel. However, at the trial of the matter they disagreed as to defendant's sanity at the time of the commission of the burglary in question.

For the reasons that are discussed below, it is our opinion that the cause must be remanded to the trial court to enter judgment of guilty of burglary in the second degree and resentence accordingly.

 The defendant was charged in the information with "the crime of BURGLARY (FIRST DEGREE)", i. e. burglary committed in the nighttime which is between sunset and sunrise. The information specifically alleged that defendant on or about November 10, 1964 "did then and there, in the nighttime, enter a trailer". We have carefully read the record and find no evidence from which the jury could have found that the crime occurred during the nighttime except on conjecture and speculation. On the other hand, the evidence precludes a nighttime burglary. The

victim stated that the checks were in the trailer upon his retiring for the night on November 9th. He stated that to the best of his knowledge the checks were still there in the morning when he left to do his chores, and had anyone entered the trailer during the night his two dogs would have made him aware of their presence. During the day of November 10th, the victim was near the trailer except for a period of about five hours between late morning and early afternoon. The defendant was placed at the ranch by the victim when the victim returned in the early afternoon. The victim also testified that he did not keep the trailer locked. It does not appear when defendant left the ranch, but the State's witnesses placed him in Wickenburg between approximately 5:00 and 9:00 P.M. that evening. Defendant successfully cashed a traveler's check between 5:30 P. M. and 6:00 P.M. at a service station in Wickenburg. It is a fact of which the courts take judicial notice that on November 10, 1964 the sun sets at approximately 5:30 P.M. in Wickenburg, Arizona. Porris v. State, 30 Ariz. 442, 247 P. 1101 (1926). The ranch from which the traveler's checks were stolen is located approximately two miles from Wickenburg. It is hard to conceive how the defendant was able to be in Wickenburg from 5:00 P.M. on, cashing one of the victim's traveler's checks right at sundown, or shortly thereafter, as shown by the evidence and at the same time have burglarized the victim's trailer two miles away after sunset. The verdict of guilty of burglary in the first degree is not supported by the evidence.

■ The evidence, however, sustains the offense of burglary in the second degree. Under State v. Brady, 2 Ariz.App. 210, 407 P.2d 399 (1965) we stated:

"* * * the duty of the jury having once found beyond a reasonable doubt, that a burglary has been committed, to resolve in favor of the defendant a daytime burglary against a nighttime burglary when the time of the commission of the offense has not been proven be-

yond a reasonable doubt." 2 Ariz.App. at p. 214, 407 P.2d at p. 403.

The evidence sustains the offense of burglary but does not sustain a nighttime burglary. Therefore, pursuant to A.R.S. § 13-1716, the judgment and sentence is set aside and the cause remanded to the trial court directing it to enter judgment finding defendant guilty of burglary of the second degree. State 'v. Sims, 99 Ariz. 302, 409 P.2d 17 (1965). It may be that upon further evaluation by the trial court the circumstances would be such that the defendant would merit a different or lesser sentence.

■ The defendant raised the question concerning the propriety of a qualified medical expert who examines a defendant under Rule 250, Rules of Criminal Procedure, 17 A.R.S., to testify as to the sanity of a defendant at the time of the commission of the crime in question. It is not to be assumed that a mental examination under Rule 250 is as thorough as a mental examination to determine sanity at the time of the commission of the offense. Winn v. United States, 106 U.S.App.D.C. 133, 270 F.2d 326 (1959). However, it is our opinion that if there can be established a foundation upon which the medical expert is able to base an opinion as to a defendant's sanity at the time of the commission of the offense that he would be qualified to testify, the limited type examination going merely to the weight of the testimony.

■ Defendant also contends that a medical expert testifying as to a defendant's sanity at the time of the commission of the crime in question cannot bring out in the foundation for his opinion any prior specific acts of misconduct a defendant relates to him in the course of the examination. We cannot agree with this contention. In Burgunder v. State of Arizona, 55 Ariz. 411, 103 P.2d 256 (1940), our Supreme Court said:

"Defendant complains because the court admitted evidence showing that he had committed other crimes than the one

44

charged, relying upon the general rule when the defense is not insanity. That rule is completely disregarded, however, when the defense is insanity."

And II Wigmore 3rd Ed., § 228, p. 9, under the heading of insanity as evidenced by conduct states:

"The first and fundamental rule, then, will be that *any and all conduct* of the person is admissible in evidence. There is no restriction as to the kind of conduct. There can be none; for if a specific act does not indicate insanity it may indicate sanity." (Emphasis original.)

Defendant's next question presented asserts that the evidence does not warrant a conviction of burglary. It is contended that the conviction for burglary was based solely on the unexplained possession of stolen property and cannot be sustained. We are in complete agreement with the principle contended for by defendant, but do not find it applicable to the instant case. In People v. Alexander, 78 Cal.App.2d 954, 178 P.2d 813 (1947) the court stated:

"While such possession would not, standing alone, suffice to determine the possessor's guilt, yet as evidence, its quality is of such high degree that only slight corroborative proof of other inculpatory circumstances would warrant a conviction."

See also State v. Mevis, 53 Wash.2d 377, 333 P.2d 1095 (1959). Our recital of the evidence as previously set forth refutes defendant's contention in this regard.

■ The final question to be considered is based on the refusal to give defendant's requested instruction which would allow the jury to consider defendant's continuous and excessive drinking in determining the issue of insanity at the time of the commission of the offense. Defendant cites Territory of Arizona v. Davis, 2 Ariz. 59, 10 P. 359 (1886) as the basis for the giving of such an instruction. It is our opinion that the trial court did not err in refusing defendant's requested instruction. The evidence in the present case does not support

the type of fact situation contemplated by the Davis case which would warrant the giving of the instruction in question. The court did instruct the jury that voluntary intoxication is not a defense to a crime but that it may be considered to negate a specific intent when intent is a necessary element of a particular offense or degree thereof. The instruction was sufficient on the issue of intoxication as presented in the instant case.

Reversed and remanded to the trial court to enter judgment not inconsistent with this opinion.

STEVENS, C. J., and CAMERON, J., concur.