423 P.2d 727

STATE of Arizona, Appellee,

v.

Edgar HUNTER, Appellant.

No. 1 CA–CR 71.

Court of Appeals of Arizona.

Feb. 17, 1967.

Rehearing Denied April 19, 1967.

Review Granted May 9, 1967.

Darrell F. Smith, Atty. Gen., by J. Stephen Simon, Sp. Asst. Atty. Gen., for appellee.

Barry Allen Reiss, Phoenix, for appellant.

STEVENS, Judge.

The information in this matter charges the offense of burglary. The charge is sometimes referred to as "Burglary, Undesignated" in that it does not set forth whether the offense occurred in the daytime or that it occurred in the nighttime, and the charging portion of the information does not refer to the burglary as being either first degree or second degree.

The applicable portions of the Arizona Revised Statutes, relating to the offense of burglary, are as follows:

"§ 13-302. * * *

"A. A person entering a * * * trailer * * * with intent to commit grand or petty theft * * * is guilty of burglary.

"B. Burglary committed in the nighttime is burglary of the first degree, punishable by imprisonment in the state prison for not less than one nor more than fifteen years. Burglary committed in the daytime is burglary of the second degree, punishable by imprisonment in the state prison for not to exceed five years."

"§ 13–301. * * *

"In this article, unless the context otherwise requires:

* * *

"2. 'Nighttime' means the period between sunset and sunrise."

The issues were tried to a jury. The court submitted to the jury the issue as to the hour of the offense by submitting proper forms of verdict enabling the jury to find the defendant guilty of burglary in the first degree, guilty of burglary in the second degree, or not guilty. The jury returned a verdict of guilty in the first degree. The defendant was adjudged guilty of burglary in the first degree and sentenced to confinement for a period of not less than two nor more than four years. On cross-examination, the defendant admitted a prior felony conviction. No prior conviction was charged in the information.

The evidence clearly established that at approximately 5:30 in the afternoon of 27 May, several identifiable items of personal property were left in a locked trailer. At approximately 6:30 in the morning of 28 May, it was discovered that the trailer had been broken into and that the items in question were missing. There was no affirmative evidence establishing the hour of entry. It was clearly established that the defendant and a friend sold the stolen items to second-hand dealers during the day of 28 May.

A police officer testified concerning conversations with the defendant and a subsequent written statement executed by the defendant. A timely objection was made anticipatory to the receipt of the testimony as to the conversations. A hearing was held out of the presence of the jury and at the conclusion of the hearing, the trial judge entered a ruling which did not conform with the criteria set forth in the case of State v. Costello, 97 Ariz. 220, 399 P.2d 119 (1965). On page 222 of the Arizona Reports, 399 P.2d on page 120, the Supreme Court stated:

"At the conclusion of the hearing on voluntariness, the judge must make a definite determination whether the purported confession was voluntary or involuntary. Only if he makes a definite determination it was voluntary may he admit it for consideration by the jury."

In the case of State v. Goodyear, 100 Ariz. 244, 413 P.2d 566 (1966), the Supreme Court held that the courts exercising appellate review may not interpret the intention of the trial court to find that the statements were voluntary and that the affirmative finding is essential.

 It was charged that the manner of the entry of the ruling was error. With this we agree. There is a series of cases decided by the Arizona Supreme Court of which the case of State v. Mileham, 100 Ariz. 402, 415 P.2d 104 (1966) is illustrative. In these cases, the Supreme Court has written its opinion and then referred the matter to the trial court for a determination as to voluntariness. It is our opinion that it is also appropriate to secure this determination prior to the writing of the formal written opinion. By an appropriate order, this Court directed that the Superior Court make its affirmative determination then certifying the result of that determination to this Court. At the same time the attorney for the appellant was allowed fifteen days within which to file his exceptions to the determination. The trial court made its determination and certified to this Court that the statements of the defendant were voluntary. In our opinion, the evidence sustains this determination.

 The appellant urges that the evidence does not sustain a finding and judgment of guilt as to the charge of burglary.

The evidence disclosed that the defendant personally sold some articles and participated in the sale of other articles which had been removed from the trailer sometime between the hour of 5:30 p. m. on 27 May and 6:30 a. m. on 28 May. In his statements to the police, the defendant first stated that two men had left the items in question with him four or five days before the sales and that when they did not return to reclaim them he, the defendant, sold them. He thereafter stated to the police that late in the evening of 27 May, he personally removed the items from a parked car and sold them on the following day. At the trial he testified that the items were at the home of the friend, who accompanied him at the time of the sales, and that after he, the defendant, completed his work on 28 May, he went to the friend's home and assisted in the sales. The defendant, his sister and a friend, testified as to an alibi. In the case of Porris and Sanchez v. State, 30 Ariz. 442, 247 P. 1101 (1926), the Supreme Court stated on page 445 of the Arizona Reports, 247 P. on page 1102:

"* * * It is well settled that, while evidence of the recent unexplained possession of stolen property is not sufficient, standing alone, to sustain a conviction of larceny, yet it is equally true that, where goods have been feloniously taken and they are immediately or soon thereafter found in the possession of a person who gives a false account * * * of the manner in which he came into possession thereof, proof of such possession and conduct on the part of the accused is sufficient to support a verdict of guilty, and, if the evidence in addition shows the goods have been feloniously taken by means of a burglary, it will support a conviction of the latter offense. * * *"

This quotation appears to be particularly applicable to the fact situation in the case we are now considering.

The appellant offered an instruction which is found in the case of People v. Monteverde, 111 Cal.App.2d 156, 244 P.2d 447 (1952). The instruction was given as requested except that the portion hereinafter italicized was deleted by the trial judge:

"The mere possession of stolen property, however soon after the taking, unexplained by the person having possession is not sufficient to justify a conviction. It is, however, a circumstance to be considered in connection with other evidence in determining the question of innocence or guilt. If you should find from the evidence that a burglary was committed on the premises involved in this case, and that thereafter the defendant was found in possession or claimed to be the owner of the property stolen from the burglarized premises, such a fact would be a circumstance tending in some degree to show guilt, although not sufficient, standing alone and unsupported by other evidence, to warrant your finding him guilty. In addition to proof of possession of such property, there must be proof of corroborating circumstances tending *of themselves* to establish guilt. Such corroborating circumstances may consist of the acts, conduct, falsehoods, if any, or other declarations, if any, of a defendant, and any other proved circumstance tending to show the guilt of the accused."

The appellant urges error in the deletion. In our opinion, the Monteverde case does not sustain the contentions of the appellant. Porris and Sanchez set forth the Arizona Rule. The corroborating circumstances which are necessary in a case similar to the one before us are not of the same degree as those required to support the testimony of an accomplice. The Arizona Rule relative to the testimony of an accomplice is found in A.R.S. Section 13–136, which is as follows:

"§ 13–136. Accomplice; testimony and corroboration

"A conviction shall not be had on the testimony of an accomplice unless the accomplice is corroborated by other evi-

dence which, in itself and without aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

 The appellant urges that the evidence does not sustain the finding of guilty of burglary in the first degree. We agree that where the evidence supports a finding of guilt of the offense of burglary and is not sufficient to support a finding of burglary in the nighttime, the jury may not return a verdict of guilty of burglary in the first degree, nor may the defendant be adjudged guilty of the burglary in the first degree. State v. Lyons, 98 Ariz. 379, 405 P.2d 810 (1965); State v. Sexton, 4 Ariz. App. 41, 417 P.2d 554 (1966). The trial court instructed on both degrees of burglary. No objections were offered. The jury and the trial court could have believed the alibi witnesses in part in that they could have believed that the defendant was with them in the early evening hours of 27 May until he went to bed at approximately 10:00 or 11:00 o'clock. They could have disbelieved, as they apparently did, not only his protestations of innocence but also his statements as to his whereabouts prior to the time that he departed for work early in the morning of 28 May. In our opinion there were sufficient circumstances to sustain a finding and judgment of guilt of burglary in the first degree.

The record is silent as to any suggestion as to the hour of sunset on 27 May or the hour of sunrise on 28 May. At the time of the oral argument, the appellant's attorney urged that we take judicial notice that on 27 May sunset was at 7:29 p. m. and that on 28 May sunrise was at 5:21 a. m. The appellant points out that in Porris and Sanchez, the Arizona Supreme Court stated on page 447 of the Arizona Reports, 247 P. on page 1102:

" * * * It is a fact of which the courts will take judicial notice that on January 17th the sun sets at approximately 4:55 P.M."

and that in Sexton, we stated on page 556 of the Pacific Reporter:

" * * * It is a fact of which the courts take judicial notice that on November 10, 1964 the sun sets at approximately 5:30 P.M. in Wickenburg, Arizona."

The exact basis for taking judicial notice in these cases is not set forth in either opinion.

 Judicial notice is a rule of evidence, a substitute for more formal proof. No certified statement from the Weather Bureau was presented to the trial court or to this Court. We do not question the complete good faith of counsel in the request which he made on oral argument. We will not consider factual matters not presented to the trial court and not contained in the record. While there may be some matters not reflected in the record of which an appellate court could take judicial notice, we as individuals without outside aid are unable to recite the hour of sunset or the hour of sunrise on a given date. We do not expand the above quotations.

 The appellant urges error in the trial court's rulings allowing questions, which are urged to be leading, in the direct examination of the police officer while the examination was directed toward a proper foundation for determining the voluntariness of the statements attributed to the defendant. Typical of the questions to which the defendant objected are:

"Q Did you make any promises?"

"Q Did you promise him anything if he would talk to you?"

These questions were foundational questions. They did not suggest the answers. Some latitude must be allowed to the trial judge in like situations. Not every question which is capable of being answered with a simple "Yes" or "No" answer is subject to a valid objection that the question is a leading question. Section 44, Udall's Arizona Law of Evidence.

From a complete review of the record, we find an absence of error.

The judgment of guilt and the sentence are affirmed.

CAMERON, C. J., and DONOFRIO, J., concur.