486 P.2d 202

**STATE of Arizona, Appellee,**

v.

**Jesus Lechuga GORTAREZ, Appellant.**

**No. I CA–CR 310.**

Court of Appeals of Arizona,
Division 1.

June 29, 1971.

Gary K. Nelson, Atty. Gen., by William P. Dixon, Asst. Atty. Gen., Phoenix, for appellee.

Michael E. Bradford and J. Douglas McVay, Phoenix, for appellant.

HOWARD, Judge.

Contrary to his plea the defendant was convicted by a jury of burglary, first degree and sentenced to not less than four nor more than five years in the Arizona State Prison.

Appellant appeals from this conviction and the denial of his motion for a new trial alleging that the court erred as follows: (1) By failing to rule on appellant's motion to suppress prior to trial; (2) by admitting into evidence a document setting forth the time of sunrise and sunset in Phoenix, Arizona on the date of the burglary; (3) by refusing to give appellant's requested Instruction No. 4.

On September 17, 1969, a subject was ·seen by Officer Baxter of the Phoenix Police Department at 6:15 a. m. running from the American Legion Building located on South 2nd Avenue, Phoenix, Arizona.

The subject got into a 1960 Chevrolet automobile driven by the appellant-defendant, Jesus Gortarez. The police unit drove in front of the Chevrolet, thus preventing it from proceeding further. The front and rear license plates of the Chevrolet were smeared with mud, making them illegible.

Officer Baxter proceeded to the Chevrolet automobile and asked the defendant for his driver's license. While the defendant was attempting to find his license the officer saw, in plain view, two or three partially full bottles of whiskey sitting on the front seat between the defendant and the subject who had run to the automobile. He noticed that these bottles still had on them dispensing caps or spouts such as are used in bars to dispense the beverage from the bottle. He also saw, on the floor of the automobile, a sledge hammer and a 24" long metal bar.

Defendant was asked by Officer Baxter to step down from the automobile. At that time Baxter looked under the front seat of the automobile and found a pair of brown jersey gloves imbedded with concrete particles.

A search of the defendant revealed a plastic handle screwdriver in his right rear pocket. His clothing was covered with a whitish dust. After being searched defendant was placed in the rear seat of the police unit. Baxter then searched the automobile thoroughly. He found, on the floor, a metal box such as is used in coin operated dispensing machines. It contained $86 in coins. Both the metal bar and the sledge hammer were coated with a whitish concrete dust.

Baxter then went to the American Legion Building and found that a hole measuring 24" x 18" had been smashed into the side of the building. This hole led into the interior of the building. In the soft dirt near the hole there were two sets of footprints. One set of prints indicated·that the soles were of the rippled-sole variety. Baxter observed that the defendant was wearing boots with rippled soles.

Inside the building Baxter found that a cigarette machine, a pool table and another coin operated machine had been forced open and the money removed. Marks on the pool table indicated that the lock had been forced with a screwdriver. Bottles of liquor similar to those found in the car were missing from the bar.

With the above facts in mind we now turn our attention to the appellant's contentions.

## FAILURE TO RULE ON MOTION TO SUPPRESS PRIOR TO TRIAL

At the time set for the trial and prior to calling the roll of the jurors, defendant moved to suppress the evidence found in the automobile on the grounds that there was no probable cause to arrest the defendant and therefore the search was invalid.

The court took the motion to suppress under advisement and did not rule on it until after Officer Baxter had given the greater part of his testimony. At that time the court denied the motion.

Defendant does not contend on appeal that the court should have granted his motion. Indeed, the evidence is more than ample to support the State's burden of showing probable cause. Defendant now merely contends that it was error for the trial court to fail to hear any evidence from the State bearing on the validity of the arrest and the search prior to trial and out of the presence of the jury and erred in failing to rule on the motion to suppress at the commencement of the trial.

 It is clearly the rule that when the question of probable cause to arrest is raised, a hearing should be held to establish what information was available to the arresting officer at the moment of the arrest and, further, when the validity of an arrest is questioned, the burden is on the State to show that probable cause existed. State v. Enriquez, 106 Ariz. 304, 475 P.2d 486, (1970). Although the trial court did not follow the procedure set forth in State v. Enriquez, supra, we perceive no prejudice to defendant as a result. This error, being harmless, cannot cause a reversal. State v. Brady, 105 Ariz. 190, 461 P.2d 488 (1969).

## IMPROPER ADMISSION OF EVIDENCE

As part of its proof of burglary, first degree, it was incumbent upon the State to show that the burglary took place at night-time, which means the period between sunset and sunrise. A.R.S. § 13–301. To prove this fact the State introduced into evidence, over the objection of the defendant, a Xerox copy of a page of the records of the United States Naval Observatory which indicated that on September 17th the sun rose in Phoenix, Arizona at 6:12 a. m. Officer Baxter testified that he saw the figure running from the American Legion Building at 6:15 a. m. The defendant claims that the exhibit offered by the State, is not properly authenticated according to Rules of Civil Procedure, Rule 44(g) (1), 16 A.R.S. This rule provides:

"An official record * * * or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy, and accompanied by a certificate that such officer has the custody."

Since the document offered in this case was a copy, it was incumbent upon the State to have the document attested by the officer having custody of the record and to accompany such certification with further certification that the officer making the certificate has custody of the record. Since the State failed to do this, defendant claims error.

 The trial court can take judicial notice of sunrise and sunset. Taylor v. Territory, 7 Ariz. 234, 64 P. 423 (1901). In State v. Thompson, 10 Ariz.App. 301, 458 P.2d 395 (1969) we held that in a jury trial, not only must the judge take judicial knowledge, but this judicial knowledge must be conveyed in some way to the jury.

In the case *sub judice*, contrary to State v. Thompson, supra, the time of sunrise was conveyed to the jury by means of the exhibit. Since the judge in this case could have taken judicial knowledge and conveyed his knowledge to the jury by means of the exhibit, we do not believe the trial court's failure to officially take judicial knowledge by verbalizing the same on the record, under the facts of this case, created prejudicial error. We therefore do not reverse on this point, State v. Brady, supra.

## FAILURE TO GIVE DEFENDANT'S REQUESTED INSTRUCTION NO. 4

■ Defendant's requested Instruction No. 4 read as follows:

"The mere possession of alleged stolen property, however, soon after the taking, unexplained by the person having possession, is not sufficient to justify conviction. It is, however, a circumstance to be considered in connection with other evidence in determining the question of innocence or guilt. If you should find from the evidence that a burglary was committed on the premises involved in this case, and that thereafter the Defendant was found in possession or claimed to be the owner of the property stolen from the burglarized premises, such a fact would be a circumstance only in showing possible guilt, although not sufficient standing alone and unsupported by other evidence, to warrant your finding him guilty of burglary. In addition to proof of possession of such property, there must be proof of corroborating circumstances tending of themselves to establish guilt of burglary. Such corroborating circumstances may consist of the acts, conduct, falsehoods, if any, or other declarations, if any, of the Defendant and any other proved circumstance tending to show the guilt of the accused."

We approved this type of instruction in the case of State v. Hunter, 5 Ariz.App. 112, 423 P.2d 727 (1967). It is the rule, however, that the court need not instruct on a matter wholly unsupported by the evidence. State v. Musgrove, 2 Ariz.App. 505, 410 P.2d 127 (1966). The proffered instruction speaks about the "mere" possession of stolen property. There may exist circumstances in which it would be prejudicial error to refuse to give such an instruction. This is not one of those cases. The defendant's connection with the stolen goods was not "mere possession." The defendant's clothing was covered with concrete dust, his footprints were in the dirt next to the hole in the building, and in his pocket was a screwdriver. Defendant was practically caught in the act of committing the crime. The court did not err in refusing to give the instruction.

Affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120 subsec. E.